Filed:  March 1, 2004

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

―――――――――

No. 03-4471
(CR-02-103)

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus


JAMES R. ROYAL, a/k/a Doozie,

Defendant - Appellant.

―――――――――

O R D E R

―――――――――

The court amends its opinion filed February 18, 2004, to correct the identification of the district judge:

On page 1, district court information, the name Rebecca Beach Smith is deleted and replaced with Henry Coke Morgan, Jr.


For the Court - By Direction


      /s/ Patricia S. Connor
                Clerk

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMES R. ROYAL, a/k/a Doozie,
  *Defendant-Appellant.*

No. 03-4471

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry Coke Morgan, Jr., District Judge.
(CR-02-103)

Submitted: February 2, 2004

Decided: February 18, 2004

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James R. Royal was convicted by a jury of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000), and was sentenced to 132 months imprisonment. Royal appeals, claiming that the evidence was insufficient to support his conviction and that the district court erred in calculating the net drug weight. We affirm.

The evidence, viewed in the light most favorable to the government, *see United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established the following. On April 29, 2002, Royal was injured in a car accident in Hampton, Virginia. While in an ambulance en route to the emergency room, the emergency medical technician, Tony Rita, removed Royal's work boots and socks. A baggie containing 58 wrapped "corner" bags of crack cocaine fell out of Royal's left sock onto the floor. Upon arrival at the hospital, Royal was taken into the emergency room and the baggie was placed inside one of his boots. Rita then handed the boot over to a police officer on duty at the hospital.

DEA Task Force Agent Richard Dawes testified that the 58 bags contained a total weight of 5.41 grams of crack cocaine and had a street value of approximately $580. Linda Dawson, a forensic chemist, testified that she calculated the net drug weight utilizing the following methodology: First, she determined the "gross total weight" of all 58 bags including the contents as well as the weight of the bags themselves. Dawson then weighed four empty bags and computed an average weight of a single empty bag.* She then multiplied this aver-

---

*Dawson testified that she chose "three of the largest bags to weigh and then one of the smallest bags . . . . [T]hat's going to give me a little larger than average number for the number of bags." The weights of the sample bags were: .0925, .0815, .0524, and .0470 grams.

age by 58 and subtracted that number from the gross total weight to arrive at a net weight of 5.41 grams. Dawson stated that this method was standard operating procedure and actually resulted in an underestimate of drug weight.

The jury returned a special verdict finding Royal guilty of possessing with intent to distribute "5 grams or more" of crack cocaine. At sentencing, Royal's attorney argued that the total drug weight attributable to Royal should have been 4.08 grams, calculated as follows. According to counsel, the four bags weighed .0925, .0895, .0524, and .0470 grams, yielding an average of .0735 grams. Multiplying that figure by 58, counsel urged the court to adopt the weight of 4.08 grams. Without the aid of a transcript of Dawson's trial testimony, the court adopted counsel's recitation of the figures she used.

Royal argues, first, that the evidence was insufficient to support an inference that he intended to distribute the crack cocaine or that he knowingly possessed it. In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the government, there is substantial evidence to support the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). This court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). A defendant challenging the sufficiency of the evidence faces a heavy burden. *See United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997).

In order to establish a violation of § 841(a)(1), the government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. *Burgos*, 94 F.3d at 873. We find that the evidence was sufficient to support the jury's finding that Royal knowingly possessed the drugs. At trial, he denied having any knowledge of the drugs inside his sock; he maintained that the driver of the vehicle—a drug dealer from whom Royal admitted he had purchased crack in

the past—had placed the drugs in his sock after the accident. However, Rita testified that Royal objected to the removal of his sock, indicating that he was aware of the presence of crack. The jury obviously chose not to believe Royal's version of the events.

We also find the evidence sufficient to establish that Royal intended to distribute the drugs. Although possession of a small quantity of drugs by itself is an insufficient basis from which intent to distribute may be inferred, other indicia, such as the packaging of the drugs, may justify an inference of intent to distribute. *See United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990) (finding that possession of 1.52 grams of cocaine, which was packaged in four small "baggie corners," supported inference of intent to distribute). Agent Dawes testified that the packaging—58 individual baggies—indicated that the drugs were intended for distribution rather than personal use.

Next, Royal argues that the district court erred in admitting a drug weight of 5.41 grams of cocaine base where the government had the ability to determine that the actual weight of the cocaine base was less than 5 grams. Royal contends that the drug weight determination was inherently unreliable because Dawson failed to weigh the contents of each individual bag. However, Dawson testified that the method she employed actually resulted in an underestimate of the true drug weight because she picked out three of the largest baggies and one of the smallest, skewing the sample toward the heavier empty bag weight. Moreover, Dawson testified that calculating a net drug weight for each individual bag was possible but very time consuming. Finally, Dawson testified that the method she employed is standard operating procedure.

Accordingly, we affirm Royal's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*